UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

EFRAIN CONCEPCION             11 CV 6161 (WHP)
AND ALBERT TOLEDANO,

                Plaintiffs,        VERIFIED
                                                        COMPLAINT
   -against-                                    AND DEMAND FOR
                                                        A JURY TRIAL

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
JONATHAN IRWIN, SHIELD #10072,
AND OFFICERS "JOHN DOE (1)-(4)",
EACH SUED INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITY,

                Defendants.

-------------------------------------------------------X

1. This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiffs are residents of New York City, Bronx County, State of New York.

4. At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5. At all times, the defendant New York City owned and maintained the New York City

Police Department ("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

**FIRST INCIDENT**

9. On or about June 6, 2011, at approximately 8:30 a.m., plaintiffs were standing in front of Concepcion's apartment building located at 255 E. Kingsbridge Road, Bronx, NY.

10. At that time, they were talking to each other, each smoking a cigarette, when the defendant police officers rolled up in a marked patrol car.

11. The two officers proceeded to get out and ask the plaintiffs for identification.

12. Both plaintiffs complied.

13. The officers then put both plaintiffs against the wall of the building and conducted a full search of each person, finding nothing.

14. Nonetheless, they handcuffed each plaintiff and held them at that location for approximately one half hour.

15. During that time plaintiffs overheard one officer ask the other, "what are we going to charge them with?"

16. Plaintiffs were taken back to the 52nd precinct where they were each strip-

searched two times, and still found nothing.

17. It was not until approximately 5:30 a.m. the next day, after approximately 21 hours in custody, that plaintiffs were released from Central Booking without any charges brought against them.

**SECOND INCIDENT** (Concepcion only)

18. On or about August 17, 2011, at approximately 12:00 p.m., plaintiff Efrain Concepcion was at 197th Street and Marion Avenue, Bronx, N.Y.

19. At that time, he had committed no crime nor did the police have probable cause to arrest him

20. Nonetheless, the police arrested plaintiff and took him back to the 52nd precinct.

21. During this arrest, plaintiff suffered a seizure.

22. Plaintiff was taken in custody by the police to N. Central Hospital for medical treatment.

23. Later, plaintiff was taken back to the 52nd precinct from where he was released at approximately 4 a.m. with no criminal charges levied against him.

**MONELL ALLEGATIONS**

24. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

25. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody

of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

26. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

FIRST CAUSE OF ACTION FOR FALSE ARREST
(Two incidents)

27. Plaintiffs reiterates and realleges the facts stated in paragraphs 1-26 as if stated fully herein.

28. As a result of their actions, Defendants, under "Color of law", deprived Plaintiffs of their right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

29. Defendants subjected Plaintiffs to these deprivations of their rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

30. As a direct and proximate result of the acts of defendants, plaintiffs suffered physical and psychological injuries, and endured great pain and mental suffering.

SECOND CAUSE OF ACTION FOR 'MONELL VIOLATION"

31. Plaintiffs reiterates and realleges the facts stated in paragraphs 1-30 as if stated fully herein.

32. Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain. As such, defendants have violated plaintiffs' right to freedom from the use of excessive and unreasonable force without due process of law in

violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

33. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

### THIRD CAUSE OF ACTION FOR INVASION OF PRIVACY
### (TWO STRIP-SEARCHES)

34. Plaintiffs reiterate and reallege the facts stated in paragraphs 1-33 as if stated fully herein.

35. The strip-searches of plaintiffs, which involved requiring them to pull down their pants, bend over and spread their buttocks, was a violation of plaintiffs' privacy rights as guaranteed by the Fourth Amendment to the United States Constitution.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 USC § 1983; and,

2. Enter a judgment, jointly and severally, against defendants for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendants for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4. Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

      b) Granting such other and further relief which to the Court seems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       August 18, 2011

                    **RESPECTFULLY,**

                    **STEVEN A. HOFFNER, ESQ.**
                    Attorney for the Plaintiff
                    325 Broadway, Suite 505
                    New York, New York 10007
                    (212) 941-8330
                    (SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
August 18, 2011

_____
STEVEN A. HOFFNER, Esq.
(SH-0585)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

EFRAIN CONCEPCION
AND ALBERT TOLEDANO,

                    Plaintiffs,        VERIFIED
                                                   COMPLAINT
   -against-                                AND DEMAND FOR
                                                   A JURY TRIAL

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
JONATHAN IRWIN, SHIELD #10072,
AND OFFICERS "JOHN DOE (1)-(4)",
EACH SUED INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITY,

                    Defendants.

-----------------------------------------------------X

Steven Hoffner, Esq.
325 Broadway, Suite 505
New York, New York 10007